IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 605-106 |
| BULLOCH COUNTY SHERIFF'S DEPARTMENT et al., | ) ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 14, 2005, the Court ordered plaintiff in this Title 42, United States Code, Section 1983 action to complete a Consent to Collection of Fees form and a Trust Account Statement. Plaintiff submitted the Consent form on November 9, 2005, and on December 28, 2005, she submitted an affidavit indicating her financial condition in lieu of a Trust Fund Account Statement.[1] The Court directed plaintiff to submit a $24.00 initial filing fee within thirty days on January 4, 2006. Plaintiff submitted her filing fee on February 8, 2006. Accordingly, the Court will evaluate plaintiff's claim in accordance with Title 28, United States Code, Section 1915A.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. §

---

[1] According to plaintiff, her current place of incarceration, the Bulloch County Jail, does not keep prisoner trust fund accounts.

1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

In her Section 1983 complaint, plaintiff alleges that she has been falsely imprisoned.[2] A Section 1983 damages claim that calls into question the lawfulness of a conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in her favor as an element of her claim. Id. at 484-86. Thus, the Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A judgment in favor of

---

[2]According to plaintiff, she has been convicted of "criminal damage to property" and sentenced to four years in prison. Compl. at 5.

plaintiff here would imply such invalidity of the state court's sentence. Until plaintiff demonstrates that her prior sentence has been invalidated, she may not bring a Section 1983 claim charging that she was falsely imprisoned.

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim on which relief may be granted. Accordingly, the Court recommends that plaintiff's complaint be **DISMISSED** and that judgment be **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this 17th day of March, 2006, in Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3